Estate of W. D. Murphy, Deceased, Vera Murphy, Surviving Spouse, and Vera Murphy v. Commissioner.
Estate of Murphy v. Commissioner
Docket No. 90976.
United States Tax Court
T.C. Memo 1962-143; 1962 Tax Ct. Memo LEXIS 166; 21 T.C.M. (CCH) 753; T.C.M. (RIA) 62143; June 13, 1962
*166 William T. Holloran, Esq., for the respondent. FAY
Memorandum Opinion FAY, Judge: The respondent determined deficiencies in income tax and additions to tax under section 6653(b) of the Internal Revenue Code of 1954 against petitioners as follows: Additions to Tax
Year
Deficiency
Section 6653(b)
1956
$12,678.08
$ 6,339.04
1957
34,573.22
17,286.61
1958
10,176.46
5,088.23
The petitioners are the estate of W. D. Murphy, deceased, Vera Murphy, surviving spouse, and Vera Murphy. The income tax returns for the years in question were filed with the district director of internal revenue at Kansas City, Missouri. This case was called from the trial calendar at Kansas City, Missouri, on April 16, 1962, pursuant to notice. There was no appearance by or on behalf of petitioners and no evidence or argument was presented on their behalf. On June 2, 1961, respondent filed a motion under Rule 18 of this Court for an order that the undenied affirmative allegations of fact in his answer alleging fraud be deemed admitted. Upon due notice of hearing, this Court on July 12, 1961, entered an order granting respondent's said *167 motion under Rule 18. The facts taken as admitted under this Court's order of July 12, 1961, establish that during the taxable year 1956 W. D. Murphy and Vera Murphy (hereinafter referred to as the petitioners) understated sales in the amount of $32,820.82 and claimed unallowable deductions for loading costs and loss due to breakage in the respective amounts of $600 and $416.50, resulting in an understatement of taxable income (after allowance for additional sales tax and standard deduction) in the amount of $32,938.06; that during the taxable year 1957 the petitioners understated sales and net wins from gambling operations in the respective amounts of $37,763.99 and $26,824.29 and claimed unallowable deductions for loss due to robbery and legal fees in the respective amounts of $1,651 and $300, resulting in an understatement of taxable income (after allowance for additional sales tax and supplies expense) in the amount of $62,575.18; and that during the taxable year 1958 the petitioners understated sales and net wins from gambling operations in the respective amounts of $7,231.68 and $18,664.15 and claimed an unallowable deduction for automobile expense in the amount of $1,800, *168 resulting in an understatement of taxable income (after allowance for additional sales tax, telephone expense and supplies expense) in the amount of $23,319.57. The understating of sales for the years 1956, 1957 and 1958 and the understating of net wins from gambling operations for the years 1957 and 1958 are admitted under the provisions of Rule 18 of this Court to have been done knowingly, willfully and fraudulently with intent to evade tax. As to the deficiencies in income taxes, upon motion duly filed by respondent, this case must be dismissed for want of prosecution, and decision will be entered for respondent for the years 1956, 1957 and 1958 in the respective amounts of $12,678.08, $34,573.22 and $10,176.46. As to the additions to tax for fraud under section 6653(b), the facts taken as admitted present undisputed and clear and convincing evidence of fraud. Accordingly, we find that respondent has met his burden of proof of fraud, and decision will be entered for respondent for additions to tax under section 6653(b) for the years 1956, 1957 and 1958 in the respective amounts of $6,339.04, $17,286.61 and $5,088.23. Decision will be entered in accordance with the foregoing. *169